# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOSEPH BENJAMIN and EUNIDE BENJAMIN,

    Plaintiffs,

v.

SHELLPOINT MORTGAGE SERVICING, BANK OF NEW YORK MELLON, and ALDRIDGE PITTE, LLP,

    Defendants.

CV 217-81

## ORDER

Pending before the Court is Plaintiffs Joseph Benjamin and Eunide Benjamin's ("Plaintiffs") Motion to Stop Foreclosure. (Dkt. No. 4).

To the extent Plaintiffs seek a preliminary injunction, it must be denied. To obtain a preliminary injunction, the Plaintiffs must make the following four showings: (1) they have a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the Plaintiffs outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to

the public interest. <u>Wreal, LLC v. Amazon.com, Inc.</u>, 840 F.3d 1244, 1247 (11th Cir. 2016) (citation omitted). Plaintiffs fail the first requirement.

This matter was already adjudicated by the Glynn County State Court in May 2017. Dkt. No. 5-1. As such, the doctrine of res judicata prevents this court from hearing this action. Under Georgia law, three prerequisites must be met before res judicata will apply: (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction. <u>Starship Enters. of Atlanta, Inc. v. Coweta Cty.</u>, 708 F.3d 1243, 1254 (11th Cir. 2013). The second and third elements apply here, as the Plaintiffs previously sued Defendant Shellpoint Mortgage Servicing in a previous action and now name its privies, the Bank of New York Mellon and Aldridge Pitte, LLP. Dkt. No. 5-1.

Furthermore, there is "identity of the cause of action" here. If matters raised in the complaint "[were] or could have been put in issue" in the Glynn County action, they may not be raised again here. <u>Freeman v. Criterion Ins. Co.</u>, 693 F.2d 1021, 1022 (11th Cir. 1982). While Plaintiffs' motion is vague, it seeks substantially the same relief already denied by the state court. Dkt. No 4; Dkt. No. 5-1. The proper course of action for Plaintiffs was to appeal to the Georgia Court of

Appeals, not file the same action in federal court. As such, Plaintiffs' motion will be denied.

**SO ORDERED**, this 3rd day of August, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)