# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOSEPH AND EUNIDE A. BENJAMIN,

    Plaintiffs,

    v.

SHELLPOINT MORTGAGE SERVICING, BANK OF NEW YORK MELLON, and ALDRIDGE PITE, LLP,

    Defendants.

No. 2:17-cv-81

## ORDER

This Matter comes before the Court on Defendant Aldridge Pite, LLP's ("AP") Motion to Dismiss. Dkt. No. 15. For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

Pro se Plaintiffs filed the present lawsuit on July 7, 2017. Dkt. No. 1. The Complaint lists claims of breach of contract, fraud, and fraudulent loan relating to a "mortgage dispute." Id. III.A. It asserts that the events giving rise to the claim began occurring in 2006 and does not state an end date. Id. III.B. In describing the relevant facts, the Complaint alleges that Plaintiff moved to Massachusetts to save

their house, and moved back into their Georgia home because of the promise of a loan modification. Id. III.C. "They lied," the Complaint alleges, and began refusing Plaintiffs' payments after three payments had been made. Id. Then, "they sold the mortgage to another servicer,"[1] and after working with Plaintiffs, they sold it again. Id.

Plaintiffs also attached a letter to their Complaint. There they explain that the house was apparently sold in February 2016 but ask for proof of such a transfer and allege that the settlement and the deed completion were done without their signature. Dkt. No. 1-1.

**LEGAL STANDARD**

Ordinarily, in order to state a claim for relief, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines,

---

[1] The Court is reasonably confident that "servicer" is the handwritten word Plaintiffs inscribed.

Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

The standard for stating a fraud claim is even higher. "[A] party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Rule 9(b) "plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." FindWhat Inv'r Grp. V. FindWhat.Co, 658 F.3d 1282, 1296 (11th Cir. 2011).

"A document filed pro se is 'to be liberally construed, [and] a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

**DISCUSSION**

Defendant has moved for the claims against it to be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have made no response to this Motion.

Plaintiffs' Complaint fails to identify AP's relation to the lawsuit whatsoever. The only time AP's name appears in the Complaint is when Plaintiffs list the Defendants to the action. The Complaint fails to identify who AP is, any relationship it may have to Plaintiffs or to the other parties in the action, or any relationship to Plaintiffs' Property or loan agreements. What is more, once AP brought this to Plaintiffs' attention by filing the present Motion, Plaintiffs gave no explanation; they failed to reply. Other documents have been filed on the record by Plaintiffs and the other parties showing their (the other Defendants') involvement. Even in those docket entries, AP's name goes without mention. Therefore, Plaintiffs have failed to state a plausible claim for relief against AP under either Rule 8 or Rule 9 of the Federal Rules of Civil Procedure. The Court cannot require AP to defend such claims.

AO 72A
(Rev. 8/82)

## CONCLUSION

AP's Motion to Dismiss (Dkt. No. 15) is **GRANTED** in its entirety. All claims against AP are **DISMISSED** with prejudice.

**SO ORDERED**, this 4th day of April, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)